931 So.2d 355 (2006)
Debra L. LEARD
v.
William F. SCHENKER, Jr.
No. 2006-C-1116.
Supreme Court of Louisiana.
June 16, 2006.
*356 PER CURIAM.
Finding that the court of appeal erred in reversing the trial court judgment granting involuntary dismissal of plaintiff's motion for expanded visitation, we grant this writ and reverse that portion of the court of appeal's decree.
The trial court rendered a considered decree in this matter on May 31, 2002. The trial court awarded sole custody of the child to the father, Mr. Schenker, and terminated all visitation between the child and the mother, Ms. Leard. The judgment provided that if visitation were reinstated, it would be supervised and would be conditioned on Ms. Leard's remaining in active treatment for at least six months with either a psychiatrist or another mental health professional recommended by her psychiatrist. Only after Ms. Leard had been in compliance with a plan of treatment for a minimum of six consecutive months would unsupervised visitation be considered. After the rendition of this judgment, the trial court, in the best interest of the child, granted Ms. Leard one hour per week supervised visitation prior to her meeting the criteria set forth in the judgment. Ms. Leard subsequently moved for, inter alia, a change in the custody decree and for expanded visitation.
Trial of these motions was held on October 21, 2004 and March 16, 2005. Dr. James Arey testified in his capacity as the court appointed independent custody evaluator. The court had appointed Dr. Arey on September 13, 2001, prior to the first trial. At the second trial, Dr. Arey testified, in his capacity as an expert, that it was not in the child's best interest to change the visitation order currently in place. At the conclusion of the plaintiff's case in chief, the trial court granted the defendant's motion for involuntary dismissal of the amended petition for custody of the minor and took under advisement plaintiff's motion for expanded visitation. Subsequently, the trial court rendered a judgment granting the defendant's motion for involuntary dismissal of the motion for expanded visitation, finding the plaintiff failed to present any evidence that increased *357 visitation was in the best interest of the child.
The court of appeal reversed in part. The court of appeal found the trial court committed legal error by relying on Dr. Arey's testimony in the absence of a proper foundation being laid for his testimony as an expert in child custody evaluation. It further found because Dr. Arey did not testify regarding the basis for his opinion, even if he had been properly qualified as an expert, his testimony could not be used to make a determination regarding plaintiff's request for increased visitation. The court of appeal vacated that part of the judgment denying a change in visitation and remanded the matter to the trial court for the appointment of an independent child custody expert to determine whether it is in the child's best interest to have unsupervised visitation with his mother. The court of appeal further ordered that the appointed expert must render a report with reasons for the recommendation.
Mr. Schenker then sought a supervisory writ from this court, urging the court of appeal erred in vacating the trial court's judgment regarding the visitation order. Relator avers that any objection to Dr. Arey's qualifications was waived by plaintiff because it was not made in the trial court and therefore cannot provide the basis for an attack on appeal. He calls our attention to Evans v. Terrell, 27,615 (La. Ct.App. 2 Cir. 12/6/95), 665 So.2d 648, writ denied, 96-387 (La.5/3/96), 672 So.2d 695, where that court held a party's failure to timely object for the record to the qualifications of a child custody evaluator constitutes a waiver of the objection. Evans, 27,615 at p. 8, 665 So.2d at 653. We agree.
The factual basis for an expert opinion determines the credibility of the testimony. It is the responsibility of the opposing party to explore the factual basis for the opinion and thus, determine its reliability. Miramon v. Bradley, 96-1872, p. 6 (La. Ct.App. 1 Cir. 9/23/97), 701 So.2d 475, 478. We find the court of appeal erred in granting relief to the plaintiff on her assignment of error concerning the admissibility and reliability of Dr. Arey's testimony. Plaintiff waived this objection when she failed to raise it at trial. La. Code Evid. art. 103 (an error cannot be predicated upon a ruling which admits evidence unless a timely objection appears of record).
Moreover, it appears from the showing made that an adequate foundation was laid and Dr. Arey explained the basis of his expert opinion. Contrary to the appellate court's determination, Dr. Arey supported his expert opinion with a letter from him to the trial court, that was admitted into evidence. In this letter, Dr. Arey described the child's reaction and response when asked if he would like spending time with his mother in an unsupervised setting. Dr. Arey's opinion as to the advisability of increased visitation or visitation in an unsupervised setting was based upon his therapeutic role with the child; Dr. Arey sees the child on a regular basis and saw the child the day before his testimony. In addition, Dr. Arey was qualified by the same trial court in these same proceedings during the 2002 custody hearing. The correct standard of review for the trial court judgment was the abuse of discretion standard. AEB v. JBE, 99-2668, p. 7, (La.11/30/99), 752 So.2d 756, 761 (the determination of the trial judge in child custody matters is entitled to great weight and his discretion will not be disturbed on review in the absence of a clear showing of abuse). We do not find the trial court abused her discretion in accepting Dr. Arey's expert testimony.
*358 Accordingly, that portion of the court of appeal judgment remanding the matter to the trial court and ordering the trial court to appoint a child custody expert is reversed. The judgment of the trial court granting defendant's motion for involuntary dismissal of plaintiff's motion for expanded visitation is reinstated.
REVERSED IN PART.