EDWIN A. LOMBARD, Judge.
| ¡This appeal in the ongoing custody dispute between the parents of the minor *1154 child, G.L., is from the June 5, 2009, judgment on the plaintiffs Rule to Modify Visitation. After review of the record and arguments of the parties in light of the applicable law, we affirm in part and reverse in part.

Relevant Facts and Procedural History

The child, G.L., was born on March 27, 1995, to the plaintiff, Debra Leard, and the defendant, William Schenker, Jr. The parents, who were not married, initially entered into a joint custody agreement in November 1995 but, subsequently, custody and visitation has been heavily litigated. See, e.g., Leard v. Schenker, 2008-1360 (La.7/11/08), 986 So.2d 66; Leard v. Schenker, 2008-1360 (La.7/11/08), 983 So.2d 1286; Leard v. Schenker, 2006-2589 (La.11/17/06), 942 So.2d 544; Leard v. Schenker, 2006-1075 (La.9/1/06), 936 So.2d 190; Leard v. Schenker, 2005-1125 (La.App. 4 Cir. 3/22/06), 930 So.2d 75, reversed in part, 2006-1116 (La.6/16/06), 931 So.2d 355.
In May 2002, after a seven day trial, the trial court issued a judgment granting sole custody to the defendant, temporarily suspending the plaintiffs visitation rights for a six week period to be followed by conditional supervised |2visitation. The May 2002 judgment provided that if the plaintiff remained in active mental health treatment for six consecutive months in compliance with a treatment plan, unsupervised visitation would be considered by the court. This judgment was not appealed. In August 2002, the trial court determined that it was in G.L.’s best interest to have supervised visits with his mother one hour per week. Custody and visitation issues continued to be heavily litigated by the parties, but the weekly one-hour mother-son visits remained the status quo until the instant litigation.
The plaintiff filed the motion to modify visitation underlying this appeal on July 12, 2006. On December 13, 2006, the trial court appointed Rafael Salcedo, Ph. D., to perform a mental health evaluation to determine whether the plaintiffs visitation with her child should be modified. On June 19, 2008, on motion of the defendant, the trial court ordered the plaintiff to undergo a further evaluation by Brian Jorn, Ph.D. The motion hearing finally came to trial in 2009 over a three day period, May 20, May 29, and June 1, 2009. The trial court rendered judgment on June 5, 2009, changing the plaintiffs visitation with her son from supervised to unsupervised but temporarily suspending all visitation for a six month period during which twice weekly telephone contact would be allowed twice although G.L. was not required to speak to his mother. In addition, the defendant and his wife were required to notify G.L. that his mother was on the phone and encourage him to speak to her.
Both parties appeal this judgment.

Applicable Law

In child custody cases, appellate courts will not disturb an award of custody absent a manifest abuse of discretion in the trial court. See Revision Comments-p.993s to La. Civ.Code art. 134, Comment (b). In Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), the Louisiana Supreme Court described the appellate review standard by stating that “upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight, and his discretion will not be disturbed on review in the absence of a clear showing of abuse.” Id. at 1196.

Plaintiff’s Pro Se Assignment of Errors

In her first assignment of error, the plaintiff asserts that the trial court erred in denying reasonable visitation to the noncustodial parent in accordance with the best interest of the child standard. She contends that because her fitness as a *1155 parent was established in 7 years of supervised visitation and the hearing testimony established that she was not psychologically unfit, it is unjustifiable to hmit her to telephone contact with her son. The plaintiff concedes that her child is alienated from her but argues, in essence, that forcing the child to have a relationship with her is in the child’s best interest. Under the circumstances of this case, we do not find that the trial judge abused his discretion in temporarily establishing a six month interval of telephone contact as a transition from supervised visitation to unsupervised visitation.
In her second assignment of error, the plaintiff contends that the trial court erred in not formulating an intervention plan prohibiting alienation by the custodial parent to the non-custodial parent. The plaintiff asserts that the child was alienated after the father was awarded sole custody and, thus, this argument apparently relates back to the May 2002 judgment and is not properly before the court in this appeal. The plaintiff also suggests that because the child is alienated, custody should be transferred to her. Because the issue below was visitation and not change of custody, this issue is also not properly before us.
|4In her third assignment of error, the plaintiff argues that alienating the child is emotional abuse and that the trial court erred in not placing the child in therapy. As a basis for this argument, she asserts that the defendant ruled her into court on June 17, 2008, to obtain a mental health evaluation of her but, instead, all parties were evaluated except for the defendant’s wife. The plaintiff also asserts that (1) the child’s open hostility and confrontational behavior with her indicates that he is not thriving in the sole custody of his father; (2) his “behavior is a cry for help that the District Court should have heard”; (3) “something must be done to stop the Appellee from promoting ongoing alienation tactics, culpable with his wife, rehearsing the child against his mother; and (4) “because the child was left in an alienating environment of the sole custody of the Appellee, the child is completely helpless to ‘develop’ a relationship with his own mother.” Again, it is unclear whether this issue arises out of the May 2002 judgment awarding sole custody to the father or a ruling on June 17, 2008, but, in any event, it clearly is not related to the June 2009 judgment underlying this appeal. Accordingly, this assignment of error is meritless.
Finally, in her fourth assignment of error, the plaintiff argues that the trial court erred in not considering interference to visitation as grounds to modify visitation. In support of this assignment of error, the plaintiff refers to a scheduled visit where the child was not available due to a mis-communication as to the time and date of a visit between the supervising counselor and defendant, the defendant’s arrest for DWI, the registration of the child at school under the name Schenker rather than Leard, an incident where the defendant yelled at her in the court parking lot, and the defendant’s attempt to have her held in contempt of court on April 16, 2009, for missing school tuition payments.
|BIn the June 2009 judgment before the court, visitation was modified to provide for unsupervised visitation after a transitional six month period of telephone contact. We find no error in this modification and, accordingly, find this assignment of error to be without merit.

Defendant’s Assignments of Errors

The defendant enumerates four assignments of error. He contends that (1) the trial court erred in ordering the plaintiff into treatment with Dr. Fontenelle, who *1156 she consulted 13 years ago but who has never treated.her; (2) the trial court erred in declaring that he has not facilitated the relationship between the plaintiff and her son because as the parent with sole custody he has no duty to facilitate that relationship; (8) because the trial court erred in ordering him to pay for six months of cognitive therapy for the plaintiff based on its finding that the defendant did not facilitate the mother-son relationship; and (4) the trial court erred in granting the plaintiff twice weekly telephonic contact for six months between 9 am and 8 pm and should have ordered a specific time because the child is generally in school or camp between 9 and 3 and given the highly contentious history of the case.
The defendant argues that because he has sole custody rather than joint custody, he has no duty to exchange information or confer with her in exercising decision-making authority and therefore there is no duty to facilitate a relationship between mother and child. Accordingly, the defendant argues that the trial | r,court erred as a matter of law when it imposed a nonexistent duty on the defendant. Alternatively, he argues that there is no evidence that he has not facilitated the relationship and, in any event, the child does not think that the plaintiff facilitated a positive father-son relationship. Accordingly, the defendant argues that the trial court erred in ordering him to pay for six months of cognitive therapy for the plaintiff.
Whether there is a clearly defined duty to facilitate a mother-son relationship by the custodial father, common sense would suggest that to do so would be in the best interest of the child. However, because we do not find the father’s failure to facilitate the relationship a basis for ordering him to pay for the plaintiffs mental health therapy, we find that the trial court erred in ordering the defendant to do so and reverse this part of the judgment. Because the defendant is not financially responsible for the plaintiffs mental health treatment, we do not address his assignment of error pertaining to Dr. Fontenelle.
Finally, we find no merit in the defendant’s argument that the trial judge should have ordered a designated time for telephone contact between mother and son. The trial judge did not abuse his discretion in providing reasonable parameters rather than specific times for telephone contact during the transitional period between supervised and unsupervised visitation.

Conclusion

For the foregoing reasons, we affirm the judgment in part, reversing that portion which orders the defendant to pay for the plaintiffs mental health therapy.
AFFIRMED IN PART; REVERSED IN PART.
BONIN, J., Concurs With Reasons.