DANIEL L. DYSART, Judge.
| (William F. Schenker, Jr., appeals a judgment denying him the right to change the surname of his son to his own. For the following reasons, we reverse and remand.
PROCEDURAL HISTORY:
Mr. Schenker is the biological father of a minor son, born to him and appellee, Debra Leard, on March 27, 1995.[1] On June 7, 2011, Mr. Schenker filed a Petition for Change of Name of Minor Child, and requested personal service on Ms. Leard at her place of employment, and service on the district attorney for the Parish of Orleans.[2] By letter, the district attorney answered the petition, stated that he had no objection to the name change, and waived appearance at trial.[3]
| ¡After a hearing, the trial court ruled in favor of Ms. Leard, stating that it denied Mr. Schenker’s motion. Because Mr. Schenker had filed a petition, the proper disposition was to dismiss his suit; nonetheless, the effect of the ruling is the same, and this Court will consider the merits as presented.
DISCUSSION:
Louisiana Revised Statute 13:4751 addresses name changes. It provides, in pertinent part:
A. The name of a person may be changed as provided in this Section.
[[Image here]]
C. If the person desiring such a change is a minor or if the parents or parent or the tutor of the minor desire to change the name of the minor:
(2) If one parent has been granted custody of the minor by a court of competent jurisdiction, the consent of the other parent is not necessary if the other parent has been served with a copy of the petition and any of the following exists:
(b) The other parent has failed to support the child for a period of three years after judgment awarding custody to the parent signing the petition.
*272 Mr. Schenker alleged in his petition that he was granted sole custody of the minor by Judgment dated May 31, 2002. He further alleged that Ms. Leard had not provided any financial support for the benefit of the minor for more than three years since the entry of the custody judgment.
In response to the petition, Ms. Leard filed an exception of res judicata, or alternatively, a motion for summary judgment. She also filed a rule to show cause why Mr. Schenker should not be held in contempt of court for filing the petition because of the previously filed motion for name change.
The trial on the petition was held on July 27, 2011. The only persons to testify were Mr. Schenker and Ms, Leard. After taking the matter under ^advisement, the trial court ruled in favor of Ms. Leard, denying Mr. Schenker’s request to change his minor son’s name.
In its Reasons for Judgment, the trial court stated that Mr. Schenker had failed to carry his burden of proving that Ms. Leard had failed to pay any support for the child for three years after the judgment awarding Mr. Schenker sole custody.[4] The trial court concluded that the proper standard of proof was a preponderance of the evidence because no substantive rights were at issue in a name change pursuant to La. R.S. 13:4751. The trial court then determined that Mr. Schenker failed to elicit from Ms. Leard whether she gave the child any money during her visits with him.
Generally, a reviewing court may not set aside a trial court’s finding of fact in the absence of manifest error. Chambers v. Village of Moreauville, 2011-898, p. 2 (La.1/24/12), 85 So.3d 593, citing Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 735. However, if a legal error interdicts the fact finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should made an independent de novo review of the record and determine which party should prevail by a preponderance of the evidence. Id. Because we find that the trial court erred as a matter of law, we will conduct a de novo review.
Mr. Schenker testified that he had been the sole custodian of the minor since 2002. He admitted that Ms. Leard was never ordered to pay child support by the trial court. Lastly, he testified that Ms. Leard has never paid any support of any kind for or to the minor since he became the sole custodian.
|4Ms. Leard, who was representing herself, took the stand and stated, “... what’s before Your Honor is they claim that financial support is owed. I would like to know how financial support is owed if I never have access to my child?” The trial court pointed out to Ms. Leard that child support and visitation are two distinct issues. She then stated, “There have been no motions for financial support brought against me by William Schenker. There exists no judgment against me that I owe child support to William Schenker.”
Mr. Schenker gave uncontroverted testimony that Ms. Leard has not paid any support for the minor child since Mr. Schenker became the sole custodian. Although Ms. Leard did not testify that she had paid any support, she admitted that she was not obligated to do so. The trial *273 court erred in finding that Mr. Schenker failed to establish that Ms. Leard had failed to support her child for a period of three years.
Thus, we find that Mr. Schenker has met his burden of proof by a preponderance of the evidence, and that the trial court erred in dismissing his petition. Accordingly, we find in favor of William Schenker and remand this matter to the trial court for further proceedings to accomplish the change of the minor’s name as prayed for in the petition.
REVERSED AND REMANDED

. For a full history of this case, see Leard v. Schenker, 05-1125 (La.App. 4 Cir. 3/22/06), 930 So.2d 75, rev'd in part by Leard v. Schenker, 06-1116 (La.6/16/06), 931 So.2d 355; and, Leard v. Schenker, 09-1438 (La.App. 4 Cir. 3/24/10), 35 So.3d 1152.

. Mr. Schenker had filed previously a motion to change the minor's name. It is unclear from this designated record on what date it was filed or ruled upon. Nonetheless, a motion was an improper procedural vehicle for a change of name; it must be done by petition, and served on the district attorney for the venue. La. R.S. 13:4751. Therefore, any ruling made in connection with that motion is void ab initio.

.Mr. Schenker moved to supplement the designated record with a copy of the aforementioned pleading. Ms. Leard objected on the grounds that it was not introduced at trial. This Court granted Mr. Schenker’s motion pursuant to La.Code Civ. Proc. art. 2132.

. The trial court noted that there were no reported cases on situations where there was no court-ordered child support, and cited to La. Child. Code Ann. art. 1015(4)(b)(there is a requirement that support be monetary or substantial), which requires clear and convincing evidence.