William A. Roe, ATTORNEY AT LAW, 2011 Milan Street, New Orleans, LA 70115, COUNSEL FOR PLAINTIFF/APPELLANT
David M. Hufft, PIVACH PIVACH HUFFT THRIFFILEY & NOLAN, L.L.C., 8311 Highway 23, Suite 104, Belle Chase, LA 70037, COUNSEL FOR DEFENDANT/APPELLEE
(Court composed of Chief Judge James F. McKay, III, Judge Daniel L. Dysart, Judge Regina Bartholomew-Woods )
Judge Daniel L. Dysart *952 Tasha Hess Braud appeals a judgment whereby she and her ex-husband, Justin Luke Braud, were granted the shared custody of their minor son, D.B.[1] For the reasons that follow, we affirm the ruling of the trial court.
BACKGROUND:
D.B. was born August 9, 2005. Tasha Hess Braud ("Ms. Braud") and Justin Luke Braud ("Mr. Braud") were subsequently married in 2013. On February 12, 2018, Ms. Braud filed a petition for divorce; Mr. Braud filed an answer and reconventional demand on March 18, 2018; and, a judgment of divorce was granted on May 1, 2018. On June 5, 2018, the trial court conducted a hearing on the issues of child custody and support, with a Judgment with Custody Implementation Plan being rendered on June 13, 2018.
An Amended Judgment with Custody Implementation Plan was rendered on June 27, 2018, which orders the shared physical custody of D.B., with Ms. Braud as the domiciliary parent. Ms. Braud was awarded physical custody of D.B. every Monday and Tuesday and Mr. Braud was awarded physical custody every Wednesday and Thursday. The parties were ordered to alternate weekends. Holidays were to be shared fairly and equitably, with specific provisions for Mother's Day, Father's Day, and D.B.'s birthday, in accordance with "the traditions which the parents and/or their families have maintained in the past, together with each parent's work schedules (if any), and the reasonable desires of their son."
This appeal follows.
DISCUSSION:
The sole issue on appeal is the trial court's award of shared equal custody. Ms. Braud argues that the trial court erred in automatically applying Louisiana Civil Code art. 131, without considering D.B.'s best interests or his preferences.
Child custody decisions are reviewed utilizing an abuse of discretion standard. Hiatt v. Duhe , 17-0574, p. 5 (La.App. 4 Cir. 1/31/18), 238 So.3d 484, 488, citing Leard v. Schenker, 06-1116, p. 3 (La. 6/16/06), 931 So.2d 355, 357. Thus, rulings by a trial court in child custody matters are entitled to great weight and the rulings will not be disturbed absent a showing of a clear abuse of discretion. Id. , citing AEB v. JBE , 99-2668, p. 7 (La. 11/30/99), 752 So.2d 756, 761. Every child custody case must be reviewed in light of the particular facts of that case and the relationships of the parties involved, with a goal of determining the best interest of the child. Id. 17-0574, pp. 5-6, 238 So.3d at 488 (citations omitted). A reviewing court must not substitute its own findings for that of the trial court. Id., 17-0574, p. 6, 238 So.3d at 488-89 (citation omitted).
Louisiana Civil Code art. 131 provides that custody awards are made with the best interest of the child in mind. A trial court shall apply all relevant factors to decide what is in the child's best interest. La. Civ. Code art. 134.[2] Such factors may include the fourteen non-exclusive factors set forth at La. Civ. Code art. 134.[3] A *953 trial court is not strictly bound to apply each factor, but should consider each case individually. Hiatt, 17-0574, pp. 6-7, 238 So.3d at 489, citing Robertson v. Robertson, 10-926, p. 16 (La.App. 5 Cir. 4/26/11), 64 So.3d 354, 363 .
When judging matters of credibility, a reviewing court must defer to the findings of the trial court. Dvilansky v. Correu, 16-0279, p. 7 (La.App. 4 Cir. 10/26/16), 204 So.3d 686, 689. This is so as the trial court is in the best posture to evaluate the mannerisms and demeanor of witness while testifying. Id., 16-0279, p. 8, 204 So.3d at 690. When conflicting testimony exists, reasonable evaluations of credibility and reasonable inferences of fact made by the trial court are not to be disturbed. Id. , citing Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882-83 (La. 1993).
Ms. Braud argues that since the parties' separation in 2015, they had informally agreed to a custody/visitation schedule whereby Mr. Braud had visitation with D.B. for two hours on Wednesday and occasionally overnight on Thursday evenings, alternating weekends, and some holidays. This plan was thus in effect for three and one-half years at the time Ms. Braud filed for divorce. She suggests that her request for child support triggered Mr. Braud's request for shared custody.
Mr. Braud argues that his request for more time with D.B. is not a drastic change to the plan the parties' exercised prior to these proceedings. The only change he requested was that he have overnight visitation with D.B. on Wednesday, in addition to the previously agreed upon Thursdays.
Louisiana Civil Code art. 132 provides in part that if there is no agreement on custody, the court shall award custody jointly; "however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent." (emphasis added.)
Ms. Braud acknowledges that the paramount consideration in deciding custody *954 issues is the best interest of the child, but argues that the trial court granted shared custody of D.B. in a "knee-jerk" reaction to Mr. Braud's request, rather than granting the change based on an application of the Art. 134 factors. She concedes in her brief that "[t]here is no question" that neither Tasha nor Justin are favored in most of the [ Article 134 ] factors." However, she says the trial court erred in not considering Art. 134 (4) and (9).
First, we note that the Revision Comments to Art. 134 indicate that while former versions of this article required a trial court to consider all of the factors in determining whether the evidentiary presumption in favor of joint custody was rebutted, the current revision indicates that the factors are simply a guide to the court in making a "best interest" determination.
Although the trial court did not state on the record whether it considered the factors or issue reasons for judgment, the judge specifically stated on the record that he would consider D.B.'s best interest in his decision. Further, the record reflects that counsel for both parties elicited testimony reflective of the Art. 134 factors, and were therefore considered by the trial court. The trial court further noted that it could tell from the testimony that both parents loved their child "deeply."
Our review of the testimony indicates that Ms. Braud has not proven by clear and convincing evidence that it is in D.B.'s best interest for her to have sole custody, or that it is not in D.B's best interest to spend an extra night a week with his father.
La. Civ. Code art. 134(4) states that a relevant consideration when determining the best interest of the child is "[t]he length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment." The record is clear that Ms. Braud believes her son and his father have a good, loving relationship. D.B. has his own room at his father's house, which she described as "nice." The parties live within three miles of each other, and there is no disruption to D.B.'s school routine created by the overnight visitation. She admitted that she has never questioned Mr. Braud's ability to care for his son, including seeking medical treatment when needed and assisting him with his school work. Although she argues that D.B. has lived in one environment (her home) for three and one half years, we find her argument disingenuous. D.B. lived in his father's home with his mother for nine years prior to the parties' separation. Since the separation, D.B. has spent Wednesday and Thursdays, with some overnight stays on Thursday, and every other weekend with his father. Testimony indicates that D.B. has friends at both locations. There was no evidence to indicate that Mr. Braud's home was not an equally stable, adequate environment.
Article 134(9) instructs the trial court to consider "[t]he reasonable preference of the child, if the court deems the child to be of sufficient age to express an opinion. " (emphasis added). The record indicates that both parents objected to having D.B. meet with the judge to discuss his preferences. The trial court thus relied upon their testimony. Our review of the testimony does not reveal any evidence, other than the parents' speculation, to indicate D.B.'s preferences.
Based on the testimony at trial, we can find no abuse of the trial court's discretion in granting Mr. Braud overnight visitation two nights per week, and designating the parties' as the shared custodians of their son. Ms. Braud has failed to rebut by clear and convincing evidence that joint custody is not in D.B.'s best interest.
*955 We note that Ms. Braud references that evidence was submitted by the parties for a determination of child support. However, there is no assignment of error on this issue, nor is the matter briefed. Accordingly, this issue is deemed abandoned. Uniform Rules - Courts of Appeal 2-12.4 B(4).
Thus, for the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED

As is our practice and as is set forth in Rule 5-2 of the Uniform Rules of Court for the Courts of Appeal, we use the initials of minor children for confidentiality purposes.

La. Civ. Code art. 134 was amended by Act 412 of the 2018 Regular Session, effective May 23, 2018.

(1) The potential for the child to be abused, as defined by Children's Code Article 603, which shall be the primary consideration.
(2) The love, affection, and other emotional ties between each party and the child.
(3) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(4) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(5) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(6) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(7) The moral fitness of each party, insofar as it affects the welfare of the child.
(8) The history of substance abuse, violence, or criminal activity of any party.
(9) The mental and physical health of each party. Evidence that an abused parent suffers from the effects of past abuse by the other parent shall not be grounds for denying that parent custody.
(10) The home, school, and community history of the child.
(11) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(12) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party, except when objectively substantial evidence of specific abusive, reckless, or illegal conduct has caused one party to have reasonable concerns for the child's safety or well-being while in the care of the other party.
(13) The distance between the respective residences of the parties.
(14) The responsibility for the care and rearing of the child previously exercised by each party.