Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,352-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MATTHEW SMITH                                    Plaintiff-Appellee

versus

LAUREN HOLLOWAY                                  Defendant-Appellant

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 57,818

Honorable Bruce Hampton, Judge

* * * * *

JAMES E. CALHOUN                                 Counsel for Appellant


GINA JONES                                       Counsel for Appellee
TERESA CULPEPPER CARROLL


* * * * *


Before GARRETT, STONE, and THOMPSON, JJ.

**THOMPSON, J.**

This appeal of a custody case arises from a judgment granting domiciliary custody of the minor child, A.S., to her father, Matthew Smith, subject to visitation in favor of the mother, Lauren Holloway. For the reasons more fully detailed below, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

Matthew Smith (hereinafter "Matthew") and Lauren Holloway (hereinafter "Lauren") married on April 20, 2013, and had a daughter on January 2, 2014, before separating on February 10, 2015. On August 24, 2015, Matthew filed for divorce from Lauren. The parties stipulated to a temporary custody order on November 9, 2015, granting them joint custody of their daughter, A.S., and designating Lauren as the domiciliary parent. Additionally, they agreed that A.S. could not be left in the exclusive care of Rebecca Ozment, Matthew's current wife (hereinafter "Rebecca"), nor was Richard Smith, Matthew's uncle, permitted to be around A.S. Both parties were sworn and placed the stipulations on the record, but no written judgment was ever confected or placed in the record.

On May 9, 2016, the divorce between the parties was finalized and a final divorce decree was rendered. The judgment of divorce was signed by the district judge on January 6, 2017, which also made the interim custody order a final order, with an incorporated joint custody implementation plan.

On January 10, 2017, Matthew filed an ex parte rule for temporary custody pursuant to La. C.C.P. art. 3945 requesting to modify custody and requesting child support. In his filing, Matthew alleged that, upon receiving A.S. from Lauren at the last custody exchange, he noticed bruises, a bite

mark, and red bumps on her private area. Matthew then took A.S. to the emergency room for an assessment of her injuries where a doctor and nurse determined that there were signs of child abuse and referred the case to Child Protective Services.

Matthew's ex parte rule was set for hearing on February 13, 2017. At that hearing, Lauren requested a continuance to obtain legal counsel. Lauren's request was granted and the case was refixed for April 10, 2017. In the interim, Lauren was to have supervised visitations with A.S. at a mutually agreed upon public place and the court reserved the right to order psychological evaluations of the parties. There is no record regarding the April 10, 2017, hearing. However, the next minute entry is on May 11, 2017, and neither party nor their counsel were present. That hearing was upset and refixed to August 21, 2017.

On July 17, 2017, Matthew filed a motion to set the matter for hearing. A pretrial telephone conference took place on August 21, 2017. On September 1, 2017, a scheduling order was fixed by the trial court setting the matter for bench trial on November 2, 2017.

On October 11, 2017, Lauren submitted discovery requests to Matthew and filed an answer and reconventional demand to his ex parte rule for temporary custody. In the reconventional demand, Lauren sought sole custody of A.S. with Matthew having supervised visitation on alternating weekends. Lauren asserted that she had four protective orders granted against him for her and A.S.'s protection and that Matthew had been arrested for battery against her father. Lauren's filing was set for hearing on the bench trial date of November 2, 2017.

2

A telephone status conference was held on October 31, 2017, between counsel for both parties and the trial court. After the conference, the trial date was upset pending the completion of psychological evaluations of both parties by Dr. Sally Thigpen (hereinafter "Dr. Thigpen") and another telephone status conference was set for November 16, 2017. The interim custody order was maintained wherein Lauren would have supervised visitation with A.S., but it would take place at either the Emerson Center or the Lincoln Center. A new scheduling order was set on November 16, 2017, setting the matter for bench trial on February 16, 2018.

On the February 16, 2018, bench trial date, both parties were present and represented by counsel. After a pretrial conference, the matter was continued without date with all previous orders and judgments to remain in effect. The court also reiterated the previous order that Dr. Thigpen complete the psychological evaluations and that counsel for Matthew would be contacted when Lauren completed her evaluation with Dr. Thigpen. On June 18, 2018, Lauren filed a motion for status conference to address Dr. Thigpen's refusal to submit her report to the court as ordered. That motion was set for hearing on August 22, 2018.

On July 23, 2018, Lauren filed an application for a civil warrant for the "return of child to the custodial parent pending further order of the court having jurisdiction." Lauren asserted that the initial judgments of May 9, 2016, and January 6, 2017, were the only applicable orders for custody and visitation because of time delays in having a hearing on Matthew's ex parte custody filing. This application was added to the August 22, 2018, hearing date.

3

During the August 22, 2018, telephone conference, the matter was again fixed for trial on all pending matters on December 13, 2018, and Joshua Shell, Lauren's now husband (hereinafter "Joshua"), was ordered to undergo an evaluation by Dr. Thigpen prior to trial. On December 12, 2018, Matthew filed a motion to continue the trial based on the fact that the court-ordered evaluations had just been received and further discovery was required as a result of their contents. The continuance was opposed by Lauren. The matter was ultimately upset and the trial refixed once again for February 1, 2019.

After the February 1, 2019, bench trial and submission of post-trial briefs of both parties, the trial court ruled on April 2, 2019, finding that it was in the best interest of A.S. that she remain in the custody of Matthew, with him designated as domiciliary parent. Additionally, the court ordered that there be a gradual reintroduction of Lauren into A.S.'s life, with the parties following the recommended plan of Rick Emerson.[1] In response to that judgment Lauren filed this appeal.

### DEFENDANT'S ASSIGNMENTS OF ERROR

(1) The trial court erred in failing to apply the mandated provisions of the Post-Separation Family Violence Relief Act (La. R.S. 9:361-369).

(2) The trial court erred in rendering a judgment that implied a finding of a pattern of domestic violence on the part of Defendant and ordering her to have supervised visitation with the minor child based on that finding.

---

[1] Rick Emerson is a licensed clinical social worker who also serves as A.S.'s counselor and he was called as an expert witness at trial. He also worked at the center where Lauren exercised some of her supervised visitations with A.S. and interviewed A.S. as a result of the allegations of abuse put forth by Matthew.

**STANDARD OF REVIEW**

Child custody cases are reviewed under the abuse of discretion standard. *Leard v. Schenker*, 06-1116 (La. 06/16/06), 931 So. 2d 355. The determination of the trial judge in child custody matters is entitled to great weight, and his discretion will not be disturbed on review absent a clear showing of abuse. *Id.*

**DISCUSSION**

By her first assignment of error, Lauren asserts that the trial court erred in failing to apply the provisions of the Post-Separation Family Violence Relief Act (hereinafter "PSFVRA"). La. R.S. 9:364(A) provides:

> There is created a presumption that no parent who has a history of perpetrating family violence, as defined in R.S. 9:362, or domestic abuse, as defined in R.S. 46:2132, or has subjected any of his or her children, stepchildren, or any household member, as defined in R.S. 42:2132, to sexual abuse, as defined in R.S. 14:403, or has willingly permitted another to abuse any of his children or stepchildren, despite having the ability to prevent the abuse, shall be awarded sole or joint custody of children. The court may find a history of perpetrating family violence if the court finds more than one incident of family violence.

In *Simmons v. Simmons*, 26,414 (La. App. 2 Cir. 01/25/95), 649 So. 2d 799, this Court held that in determining whether a parent has a "history of perpetrating family violence," the trial court should look at the entire chronicle of the family, remaining mindful that the paramount goal of the legislation is the child's best interest. The determination must be based on a review of the total circumstances of the family, and necessarily involves a weighing of the evidence. *Id.*

We must first determine whether Matthew has a history of perpetuating family violence such that application of the PSFVRA is

mandated. There have been multiple petitions for protection from abuse filed against Matthew. However, one petition was filed by an ex-girlfriend of Matthew's. Matthew testified at trial that their break-up did not go well and he did not fight the order of protection. Lauren offered no proof at trial to substantiate the underlying allegations contained in that petition. Lauren herself had filed more than one protective order against Matthew and she testified that Matthew was physically abusive toward her. However, Lauren also testified that she and Matthew had been doing well recently and she would encourage a relationship between him and A.S. She also told Dr. Thigpen that she did not think that Matthew would be abusive toward A.S.

Matthew pled guilty to simple battery of Lauren's father during their marriage. Lauren asserts that this falls under the definitions provided in the PSFVRA such that it would apply in this custody determination. We disagree.

Under the PSFVRA, family violence must be committed by one parent against another or against any of the children. The relationship between Matthew and his father-in-law does not fall under this definition. Next, the PSFVRA mandates that the abuse be committed by one family member, household member, or dating partner against another. "Family members" means spouses, former spouses, parents and children, stepparents, stepchildren, foster parents and foster children. La. R.S. 42:2132. "Household members" means any person presently or formerly living in the same residence with the defendant *and* who is involved or has been involved in a sexual or intimate relationship with the defendant and who is seeking protection under the PSFVRA. *Id.* A father-in-law is not one of the defined

6

family members contemplated by the PSFVRA. Lauren's father did, at one time, live with her and Matthew. However, Matthew and his father-in-law were clearly not involved sexually or intimately such that their relationship would fall under the purview of the PSFVRA.

Because the provisions of the PSFVRA are inapplicable to this case, we now analyze whether the trial court abused its discretion in designating Matthew as domiciliary parent of A.S. Trial courts have vast discretion in determining matters of child custody and visitation. *Chandler v. Chandler*, 48,981 (La. App. 2 Cir. 12/13/13), 132 So. 3d 413. The trial court has the opportunity to better evaluate the credibility of witnesses and its findings will not be disturbed absent a finding of clear abuse of discretion. *Id*.

The overriding consideration in determining custody of a child is the best interest of the child. La C.C. art. 131; *Evans v. Lungrin*, 97-0541 (La. 02/06/98), 708 So. 2d 731. In determining the best interest of the child, the court must consider all relevant factors. La. C.C. art. 134; *Mercer v. Mercer*, 52,101 (La. App. 2 Cir. 04/11/18), 249 So. 3d 924, *writ denied* 2018-0808 (La. 06/15/08), 257 So. 3d 681. Each case must be determined on the basis of particular facts and circumstances by weighing and balancing those factors favoring and opposing custody for the respective parents. *Manno v. Manno*, 49,533 (La. App. 2 Cir. 11/19/14), 154 So. 3d 655. However, there is no requirement to provide an exhaustive listing of each of the factors of La. C.C. art. 134 in reaching a determination regarding the best interest of the child, nor is there a requirement to explain the weighing and balancing of the factors. *Chandler*, *supra*.

In his reasons for ruling, the trial court delved into each of the 14 factors outlined in La. C.C. art. 134 for determining the best interest of the child. The trial court determined, based upon the evidence and testimony, that the factors of love, affection, and emotional ties; spiritual guidance and education; stable, adequate environment; responsibility for child care/rearing; and potential for child to be abused, clearly favored Matthew as domiciliary parent.

The trial court's reasons for judgment were exhaustive and specific in their recitation of why Matthew would be better able to provide for the needs of A.S. over those that Lauren would be able to provide and why it determined that Matthew would be a better domiciliary parent. Additionally, it noted that even Lauren admitted that A.S. was not ready to come back to her home. Moreover, the trial court noted that Matthew's circumstances had changed for the better since the original decree in that he now has a good job locally, has a more stable life now that his wife has been to inpatient rehabilitation, and he would therefore be in a better position to provide for the needs of A.S.

In her second assignment of error, Lauren asserts that the trial court erred in rendering a judgment that implied a finding of a pattern of domestic violence on her part and ordering her to have supervised visitation with A.S. based on that finding. In brief, the crux of Lauren's argument as to her second assignment of error mirrors that of the first. For the reasons set forth above this argument likewise lacks merit.

The trial court methodically and thoughtfully considered all of the trial testimony and evidence presented and set forth in great detail the

8

reasons why a change in custody was warranted and was in A.S.'s best interest. The trial court was confronted with a minefield of allegations of alcohol and drug abuse, protective orders, criminal charges, and a complex history of a web of decisions where the minor child's interests were obviously not the primary concern over that of the selfish motives and desires of the parties, more often at the hands of Lauren. We find that the record supports the trial court's finding that Matthew met his burden of showing a material change in circumstances and that any harm caused by a modification would be substantially outweighed by its advantages to A.S.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to Defendant, Lauren Holloway.

**AFFIRMED.**